[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-13417
Non-Argument Calendar

————————————————

D.C. Docket No. 2:14-cv-00112-JRH-RSB

DAVID LEON MORELAND,

Plaintiff-Appellant,

versus

THE BANK OF NEW YORK MELLON (THE), et al.,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(October 21, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

In state court, David L. Moreland sued to prevent Select Portfolio Servicing from foreclosing on his property.  After losing the lawsuit, Moreland, dissatisfied with the result, sued again in federal district court, this time naming two additional defendants and suing under both state and federal law.  The district court dismissed the claims against Select based on claim preclusion and dismissed the claims against the remaining defendants for failure for state a claim.  Moreland appeals the dismissals.  We affirm.

Moreland asserts a slew of arguments, only one of which disputes the applicability of claim preclusion.  He argues that the Glynn County Superior Court, the Georgia court that dismissed his first lawsuit, lacked both subject matter jurisdiction and personal jurisdiction.  However, the Glynn County Superior Court had subject matter jurisdiction because the lawsuit involved the foreclosure of property in Glynn County, Georgia.  *See* Ga. Const. Art. VI, § IV, ¶ I.  Also, the court correctly exercised personal jurisdiction over Select because Select, by moving to dismiss Moreland's complaint without challenging personal jurisdiction, waived any challenge to personal jurisdiction.  *See* Ga. Code § 9-11-12(b), (h).  Moreland's defeat in the state lawsuit precludes him from pursuing in federal court the claims against Select.

Moreland does not dispute the district court's determination that his complaint fails to state a claim against the remaining defendants.  Instead he argues

2

that the district court "unlawfully" denied his motion to amend, implying that the district court denied him an opportunity to rectify the deficiency.  A review of the record reveals that the district court granted Moreland's motion for leave to amend but that he neglected to file an amended complaint.  The complaint as it stands fails to articulate a claim against either of the two additional defendants.

After conducting a de novo review of the district court's grant of the appellees' motions to dismiss, *see Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam), and after liberally construing the pro se appellant's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (discussing the leniency afforded to a pro se plaintiff), we affirm the district court's decision to dismiss the complaint.

**AFFIRMED.**[*]

---

[*] Moreland's motion for leave to amend his complaint and his motion for an extension of time to seek representation are **DENIED**.